IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTWAN SMITH | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-15-2060 |
| NORTH BRANCH CORR. INSTITUTE | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned civil rights complaint was filed on July 14, 2015, together with a Motion to Proceed in Forma Pauperis (ECF 2) which shall be granted. For the reasons stated below, the Complaint must be dismissed.

Plaintiff alleges that on September 24, 2014, he mailed a package containing "explicit photos" of his fiancé and a religious pendant by certified mail to his fiancé. ECF 1 at p. 3. The tracking information provided by the U.S. Postal Service indicates the certified package was returned to sender on October 7, 2014. *Id.*, *see also* ECF 1-1 at p. 1. Plaintiff attaches a copy of the administrative remedy procedure complaint he filed regarding the lost property which includes a response from the Warden of North Branch Correctional Institution (NBCI). ECF 1-1 at p. 8. The response indicates that "there were a number of photos with nude photos glued to the back of the photos . . . . the photos and letter were returned to the original sender." *Id.* Plaintiff states neither he nor his fiancé ever received the package. ECF 1 at p. 3. He states the pictures and pendant were priceless and seeks actual and punitive damages for the loss. *Id.*

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to

seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1]  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2]   Thus, the complaint presented here shall be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

A separate Order follows.


July 17, 2015                                    _____/s/_____
Date                                                          RICHARD D. BENNETT
                                                     UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.